UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA TRUCK, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JUGAN EXPRESS INC., *et al.*,<br><br>　　　　Defendants. | Case No. 1:20-cv-00158-DAD-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (AS AMENDED) BE GRANTED AND THAT ALL DOE DEFENDANTS BE DISMISSED<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 10<br><br>ORDER VACATING ALL OTHER OUTSTANDING DATES |

　　　　Plaintiff USA Truck, Inc., proceeds in this action under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, which governs the federal liability of freight carriers. Plaintiff claims that defendant Jugan Express accepted a written request to ship $34,210.26 in wine from California to Nevada, but never completed the shipment—and that, in fact, the shipment was lost or stolen while in defendant's possession. *See* ECF No. 1 at 3; ECF No. 10 at 3. Jugan Express has not answered the complaint or otherwise appeared. On March 25, 2020, plaintiff moved for default judgment in the amount of $39,852.73. *See* ECF No. 10. The court held a hearing with plaintiff's counsel on May 4, 2020, during which counsel requested that an additional $212.50 in fees and $66 in interest be added to the total, reflecting the accrual of additional interest as well as additional work associated with the hearing. Counsel also requested that the court dismiss all Doe defendants, should the court grant the motion for default judgment

against Jugan Express.  Because defendant was properly served, and because relevant discretionary factors point in favor of the default judgment, we recommend that plaintiff's motion be granted for the full, amended amount—$40,131.23—and that the Doe defendants be dismissed.

**DISCUSSION**

Federal Rule of Civil Procedure 55(b)(2) allows a court to enter judgment against a party that has defaulted.  While the decision to do so is "discretionary," *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980), it is guided by several factors.  As a preliminary matter, the court must first assess the adequacy of service on the party against whom the default judgment would be entered.  *See Cranick v. Niagara Credit Recovery, Inc.*, No. 1:13-CV-671 LJO GSA, 2014 WL 325321, at *1 (E.D. Cal. Jan. 28, 2014); *see also Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("[B]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").  If service was sufficient, the court may then consider a number of factors, including possible prejudice to the plaintiff; the merits of plaintiff's claim; the sufficiency of the complaint; the sum of money at stake; the possibility of a factual dispute; whether the default was potentially due to excusable neglect; and the general policy that cases be decided on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986).  In addition, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Here, service on defendant was appropriate, and the clerk of court properly entered a default on March 24, 2020.  *See* ECF No. 9. Federal Rule of Civil Procedure 4(e) allows service to occur by "following state law for serving a summons . . . in the state where the district court is located or where service is made," or by "delivering a copy of [the summon and complaint] to an agent authorized by appointment or by law to receive service of process." California law, in turn, permits substituted service by "leaving a copy of the summons and complaint" at the "usual mailing address" of the entity to be served "with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail." Cal. Code

Civ. P. § 415.20(a).  Here, a registered California process server personally left the summons and complaint with the person apparently in charge at the office of Jugan Express.  ECF No. 7 at 1.  Copies of both documents were also mailed to Jugan Express, and more than ten days have passed since that mailing.  *Id.* at 2.  The court thus finds that defendant Jugan Express was properly served.

The *Eitel* factors also point in favor of granting default judgment.  Generally, a plaintiff has no means other than a default judgment to recover against a defaulting defendant and would be prejudiced if judgment were not entered.  *See Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012).  Plaintiff's complaint also states a claim that— accepting the allegations therein as true—appears meritorious.  That claim is straightforward: "defendants accepted a written request from USA Truck . . . to transport, as a motor carrier, a shipment of wine from Ripon, California to Las Vegas, Nevada; and thereafter received said shipment for transportation."  ECF No. 1 at 3.  Plaintiff alleges, however, that defendant "failed to satisfy such obligations" and "refused to deliver said shipment to the intended consignee," resulting in "a total loss of the shipment in the sum of $34,210.26."  *Id.*  The Carmack Amendment makes clear that the carrier "providing transportation or service" is "liable to the person entitled to recover under the receipt or bill of lading."  49 U.S.C. § 14706(a)(1); *see also Pac. Indem. Co. v. Atlas Van Lines, Inc.*, 642 F.3d 702, 710 (9th Cir. 2011) ("The Carmack Amendment imposes strict liability upon receiving carriers and delivering carriers.").  The amended amount requested in judgment—$40,131.23—appears to reasonably reflect the sum of damages, interest, costs, and attorney's fees.  ECF No. 10 at 2.  Finally, given that Jugan Express was properly served, there is no evidence that the company's failure to appear is due to excusable neglect.  *Cf.*, *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

*Eitel* does make clear that "[c]ases should be decided upon their merits whenever reasonably possible."  782 F.2d at 1472.  But, standing alone, this policy is insufficient to deny default judgment against a defendant that has failed to appear and defend itself.  *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  With no appearance from

the defendant, a decision on the merits is simply unworkable.

**FINDINGS AND RECOMMENDATIONS**

We recommend that plaintiff's motion for a default judgment be granted in the amount of $40,131.23, and that all Doe defendants be dismissed.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

**ORDER**

All other outstanding dates and deadlines in this in this case are hereby vacated.

IT IS SO ORDERED.

Dated:   May 4, 2020                               _____
                                                   UNITED STATES MAGISTRATE JUDGE

No. 205.